UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUANITA O'CONNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:14-cv-01218-SEB-TAB |
| | ) |
| TACO BELL OF AMERICA, INC., | ) |
| TACO BELL OF AMERICA, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO QUASH**

Plaintiff Juanita O'Connell is a former restaurant manager of Defendant Taco Bell who brought a discrimination lawsuit against Defendant. Defendant served a subpoena on Sarah McConville, a third-party former Taco Bell employee, and a request for production of documents. Plaintiff filed a motion to quash, arguing the information sought by the Defendant bears no relationship to the issues in this case. Because Plaintiff ignored Local Rule 37-1, Plaintiff's motion to quash [Filing No. 23] is denied.

During discovery, Plaintiff identified McConville as having knowledge relevant to Plaintiff's claims. [Filing No. 24-3, at ECF p. 3; Filing No. 24-4, at ECF p. 19.] Defendant attempted to contact McConville directly on at least seven separate occasions concerning her Taco Bell employment and her knowledge as to Plaintiff's claims. Initially, McConville indicated she would be willing to speak with Defendant's counsel. Later, McConville indicated she would only answer questions if Plaintiff and Plaintiff's counsel were present. McConville then told Defendant that she was represented by Plaintiff's counsel. [Filing No. 24-5, at ECF p. 2-6.] Plaintiff's counsel later confirmed this and indicated that McConville would be "more than

1

willing to have her deposition taken and answer any and all questions you might have of her."
[Filing No. 24-7, at ECF p. 1.] Defendant then issued a subpoena and a request for production of documents to McConville. [Filing No. 24-9.] This motion to quash followed.

Defendant argues that Plaintiff's motion should be denied for violating Fed. R. Civ. P. 26(c) and Local Rule 37-1 by failing to confer with Defendant prior to filing the motion. [Filing No. 24, at ECF p. 8.] Defendant further maintains that the motion should be denied because the Plaintiff lacks standing to object to the non-party discovery request, Plaintiff has not met the burden to demonstrate her motion should be granted, and there are ethical issues with Plaintiff's counsel also representing McConville in this proceeding. [Filing No. 24, at ECF p. 10-12.]

Local Rule 37-1 governs discovery disputes and provides that parties should first confer with each other to resolve any disputes. If parties are unable to settle disputes, Local Rule 37-1(a) directs parties to contact the assigned Magistrate Judge to resolve disputes through means other than a formal discovery motion. Only if the parties are unable to resolve the discovery dispute may a party file a motion. Local Rule 37-1(b) mandates that this motion "contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties." If a party fails to provide this statement, the Court may deny the motion.

Failure to comply with Local Rule 37-1 will lead to motions being "summarily denied." *Davis v. Carmel Clay Sch.*, No. 1:11-cv-00771-SEB-MJD, 2013 WL 2159476, at *2, n.1 (S.D. Ind. May 17, 2013). At the least, Local Rule 37-1 requires "an attempt to fully exchange views before filing discovery motions." *Loparex, LLC v. MPI Release Technologies, LLC*, No. 1:09-cv-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011). Here, Plaintiff completely ignored Local Rule 37-1 when filing this motion to quash, and failed to include the

requisite "statement setting forth the efforts taken to resolve the dispute." Plaintiff's counsel has litigated many cases in this Court. His failure to comply with well-known prerequisites to filing a motion to quash is both surprising and disappointing. As a result of these shortcomings, the Court denies Plaintiff's motion to quash.

Moreover, the party objecting to discovery "has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant." *Graham v. Casey's Gen. Stores, Inc.*, 206 F.R.D. 251, 54 (S.D. Ind. 2002). The objecting party is required to "specifically detail the reasons why each request is irrelevant." *Id.* As it stands, Plaintiff's motion to quash fails to provide such detail. Plaintiff must specifically explain why each of Defendant's requests is overly broad, unduly burdensome, or not relevant. Any subsequent motion to quash that fails to cure these discrepancies will likely fail. This is all the more reason why Plaintiff is well advised to engage in a meaningful meet and confer process. For these reasons, Plaintiff's motion to quash [Filing No. 23] is denied.

Date: 2/20/2015

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

John R. Maley
BARNES & THORNBURG LLP
jmaley@btlaw.com

James F. Ehrenberg, Jr.
BARNES & THORNBURG LLP
jehrenberg@btlaw.com

Joel S. Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com